UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

        Plaintiff,                          Case No. 2:12-cv-10702

        v.                               Hon. Nancy G. Edmunds
                                             Magistrate Judge Laurie J. Michelson

REDFORD TOWNSHIP, a
municipal corporation; WILLIAM HAND,
in his official and individual capacities;
MICHAEL BOSNIC, in his official and
individual capacities,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13]**

This is a civil rights action in which Plaintiff Joseph Mullins ("Mullins") alleges that Defendants Redford Township, Redford Township police officer William Hand, and prosecuting attorney Michael Bosnic (together "Defendants") violated his constitutional rights when they falsely arrested him and maliciously prosecuted him for assault and battery. (Dkt. 1, Compl.) District Judge Nancy G. Edmunds previously entered an order dismissing without prejudice all of Plaintiff's state law claims. (Dkt. 2, Order of Dismissal.) All pretrial matters have now been referred to this Court. (Dkt. 4.) Plaintiff filed an Amended Complaint on July 3, 2012. (Dkt. 8, Am. Compl.) On January 7, 2013, Defendants filed a Motion for Summary Judgment. (Dkt. 13.) Plaintiff responded (Dkt. 15), Defendants filed a reply (Dkt. 16), and supplemental responses were then filed by both parties (Dkts. 17, 18 & 19.) The Court has carefully considered the parties' submissions and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, the Court RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED and that Plaintiff's Amended Complaint be DISMISSED.

## I. BACKGROUND

On January 29, 2012, in response to a 911 call, Redford Township police officers, including Defendant William Hand ("Officer Hand"), were dispatched to a house located at 11364 Inkster Road in Redford, Michigan to investigate a report of an assault and battery. (Dkt. 13, Defs.' Mot. Summ. J. at 1, Ex. 2, French Incident Report.) The officers arrived on the scene and spoke with the alleged victim, David Wilson ("Wilson"). (*Id.*) Wilson stated that he and his girlfriend, Sarah Rushing ("Rushing"), got into an argument at their residence in Detroit and that Rushing left the residence and went to Plaintiff's house in Redford. (*Id.*) Wilson explained that Rushing and Plaintiff jointly owned the Redford house and had previously engaged in a romantic relationship. (*Id.*) Wilson stated that he followed Rushing to the Redford house and waited for her to come out. (*Id.*) According to Wilson, while he was waiting in his car in the driveway, Plaintiff came out to his car and punched him several times in the head with a closed fist. (*Id.*) Following being hit, Wilson reported that he immediately called 911. (*Id.*)

The officers took pictures of Wilson's injuries and attempted to contact Plaintiff and Rushing from outside the house. (Dkt. 13, Defs.' Mot. Summ. J. at 1, Ex. 2, French Incident Report.) Plaintiff and Rushing refused to answer the door. (*Id.*) The officers observed Plaintiff and Rushing sitting in a bedroom in the house watching television. (*Id.*) Observing no further signs of abuse or foul-play, the officers took a witness statement from Wilson and returned to the police station. (*Id.*)

On February 11, 2012, Plaintiff provided a witness statement wherein he reported that Rushing was staying with him because Wilson and Rushing had been in an altercation a few days

prior to the January 29, 2012 incident. (Defs.' Mot. Summ. J. , Ex. 5, Witness Statement at 2.) Plaintiff reported that Rushing allowed Wilson into the house through the front door and that he appeared and smelled drunk. (*Id.*) Plaintiff stated that Wilson "got nasty with me and Sara, and I asked him to leave." (*Id.*) Plaintiff indicated that after leaving the house, Wilson went to his car and started blowing his car horn for about thirty minutes. (*Id.*) Plaintiff then confronted Wilson, and an altercation ensued. (*Id.* at 3.) Plaintiff indicated that Wilson took the initial swing and that he "returned force" "in an interest to avoid any further injury to himself." (*Id.*) Wilson then got into his car, Plaintiff thought to leave, but instead, he called the Redford police department to report the incident. (*Id.*)

Plaintiff testified at his deposition that on the day of the alleged incident, Wilson came to the Redford house and had "a little bit of nasty words with Ms. Rushing." (Defs.' Mot. Summ. J., Ex. 3, Pl.'s Deposition at 57.) Plaintiff stated that when he told Wilson that it was time to leave, there was "a little pushing and standing off," and both men fell onto the front porch. (*Id.*) Plaintiff stated that Mr. Wilson took a swing at Plaintiff, hit him in the head, and Plaintiff hit Wilson back. *Id.* Wilson then went back to his car and called the Redford police. (*Id.*) Plaintiff testified that the Redford police responded, knocked on his door, telling him to come to the door, but he refused. (*Id.*) He stated that the officers then came to his window and asked him if he was okay and when he responded that he was, they left. (*Id.*)

Following the alleged incident, Plaintiff received a notice in the mail from the 17th District Court in Redford notifying him that he had been charged with assault and battery. (Defs.' Mot. Summ. J., Ex. 3, Pl.'s Deposition at 59, 61.) Plaintiff testified that he never went to court regarding this incident. (*Id.*) Plaintiff later learned that the case was dismissed. (*Id.* at 68-69.)

On February 16, 2012, Plaintiff brought this lawsuit alleging that Defendants falsely arrested and maliciously prosecuted him in violation of his Fourth and Fourteenth Amendment rights. (Dkt. 1, Compl.)  Plaintiff's Amended Complaint also asserts violations of the Sixth Amendment and the Commerce Clause.   (Dkt. 8, Am. Compl.)  Following discovery, Defendants moved for summary judgment on the following grounds: 1) Plaintiff's false arrest claims, except the January 29, 2012 incident, are barred by the statute of limitations, 2) Plaintiff's § 1983 claims fail because Plaintiff was never arrested, 3) Bosnic is entitled to prosecutorial immunity, 4) Bosnic and Hand are alternatively entitled to qualified immunity, and 5) there is no municipal liability. (Dkt. 13, Defs.' Mot. Summ. J. at 3-12.)

## II.     STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material only if it might affect the outcome of the case under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).  The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  If the moving party does so, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue

for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

## III.   ANALYSIS

For the reasons that follow, the Court concludes that Plaintiff has failed to state a constitutional claim against either of the individually named defendants. The Court further concludes that there is no municipal liability under 42 U.S.C. § 1983. Accordingly, the Court recommends that Defendants' Motion for Summary Judgment be granted.

### A.   Statute of Limitations

Plaintiff alleges that agents of Redford Township have continuously arrested him on baseless charges in violation of his constitutional rights. (Dkt. 8, Am. Compl. at 6-7.) More specifically, he asks the Court to consider, in addition to the altercation with Wilson, four arrests by Redford police officers that occurred on September 26, 2006, March 2, 2006, August 21, 2002 and May 16, 1999. (*Id.*) Defendants argue that the statute of limitations bars the Court from considering all of the arrests except the incident that occurred on January 29, 2012. (Dkt. 13, Defs.' Mot. Summ. J. at 3-5.)

The relevant statute, 42 U.S.C. § 1983, does not itself set a limitations period. Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Drake v. City of Detroit*, *Michigan*, 266 F. App'x 444, 448 (6th Cir.2008); *see also Owens v. Okure*, 488 U.S. 235, 240-41, 109 S. Ct. 573, 102 L. Ed.

2d 594 (1989). For a § 1983 action arising in Michigan, such as this case, Michigan's three-year statute of limitations period for personal injury claims governs. *Id.* (citing Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)).

Here, Plaintiff does not dispute that the three-year statute of limitations period applies; instead, Plaintiff argues that the continuing violations doctrine should apply to toll the limitations period. (Dkt. 15, Pl.'s Resp. Mot. Summ. J. at 8.) The continuing violations doctrine allows courts to toll limitations periods for alleged discriminatory conduct that is deemed continuing in nature. *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007).

However, federal courts have generally been reluctant to apply the continuing violations doctrine to § 1983 actions. *See Nat'l Railroad Passengers Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Sharpe v. Cureton,* 319 F.3d 259, 267-68 (6th Cir. 2003)*; Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984) (en banc). The U.S. Supreme Court in *Morgan* held that the continuing violations doctrine does not apply to discrete discriminatory or retaliatory acts merely because they are plausibly or sufficiently related to each other. *Morgan*, 536 U.S. at 114. The Court distinguished these claims from racial or sexual hostile environment claims, which involve repeated conduct and the cumulative effect of continued acts. *Id.* at 115. Hostile work environment claims are not time barred if the acts are part of the same unlawful employment practice and at least one act falls within the governing limitations period. *Id.* The courts of appeals have consistently refused to apply *Morgan* to § 1983 actions and there is nothing in the record that warrants a different result here. Accordingly, the Court finds that the continuing violations doctrine does not apply to these

separate arrests spanning a number of years. The Amended Complaint focuses on the January 29, 2012 incident and so will this Court.

### B. Fourth/Fourteenth Amendment Violations

#### 1. *False Arrest*

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005); *see also Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). "'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005) (quoting *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc)).

Under Michigan law, "'[a]n arrest is a taking, seizing or detaining of the person of another either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest.'" *Skousen v. Brighton High School*, 305 F.3d 520, 529 (6th Cir. 2002) (quoting *People v. Woods*, 16 Mich. App. 718; N.W.2d. 617, 618 (1969)). An arrest under the Fourth Amendment involves a determination of whether "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Saari*, 272 F.3d 804, 808 (6th Cir. 2001).

Here, Plaintiff's false arrest claim fails because there is no evidence that he was arrested, or that a reasonable person in his situation would have believed that he was not free to leave. To the contrary, Plaintiff testified that he was not arrested. (Dkt. 13, Defs.' Mot. Summ. J., Ex. 3, Pl.'s Deposition at 49.) At his deposition, Plaintiff specifically testified that on January 29, 2012,

7

Redford police knocked on his door, told him to come to the door, but he refused. (*Id.* at 57-58.) He stated that the officers then came to his window and asked him if he was okay, and when he responded that he was, they left. (*Id.*) On these facts, the Court concludes that Plaintiff's false arrest claim should be dismissed.

### 2. *Malicious Prosecution*

There is a constitutionally cognizable claim of malicious prosecution under the Fourth Amendment "which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006) (internal quotation marks omitted). The Sixth Circuit has determined that in order to succeed on a malicious prosecution claim when premised on a violation of the Fourth Amendment, a plaintiff must show: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding must have been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

In the first element, "the term 'participated' should be construed within the context of tort causation principles. Its meaning is akin to 'aided.' To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.* at 308 n.5. Moreover, malice is not an element of a § 1983 suit for malicious prosecution. *Id.* at 310.

With regard to Officer Hand, a police officer cannot be liable for malicious prosecution

where he has not made the decision to bring the charges. *Skousen*, 305, F.3d at 529. In *Skousen*, the Sixth Circuit held that the plaintiff's malicious prosecution claim failed because the plaintiff "offered no evidence . . . supporting her claim [that the defendant] caused her to be prosecuted," and there was no "evidence that [the defendant] made or even was consulted with regard to the decision to prosecute [the plaintiff]." *Id.* Similarly here, Plaintiff presented no evidence that Officer Hand made the decision to prosecute Plaintiff, or was consulted in regards to the charges brought against Plaintiff. Thus, Plaintiff's malicious prosecution claim against Officer Hand should be dismissed.

This Court further concludes that Plaintiff did not suffer a deprivation of his liberty sufficient to maintain a Fourth Amendment malicious prosecution claim. Indeed, as previously determined, and by Plaintiff's own admission, the Redford police officers did not arrest Plaintiff on January 29, 2012, or at any time thereafter for the events that occurred that day. As such, Plaintiff did not suffer an initial seizure or deprivation of liberty as required by *Sykes*. *See also Barnes*, 449 F.3d at 715-16.

This Court also recommends that Plaintiff's malicious prosecution claim be dismissed as to Mr. Bosnic because he is entitled to prosecutorial immunity. Prosecutors have absolute immunity for acts taken in the performance of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Plaintiff claims that Mr. Bosnic lacked probable cause to file misdemeanor charges of assault and battery based on the January 29, 2012 incident. However, these are acts performed in the normal course of a prosecutor's duties. *See Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997).

Plaintiff's malicious prosecution claim should also be dismissed because, on the undisputed record, probable caused existed to file the charges, and thus both individual defendants are entitled to qualified immunity. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *Klein v. Long*, 275 F.3d

9

544 (6th Cir. 2001). In civil actions, government officials acting in their official capacities are entitled to qualified immunity for discretionary acts if they do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d. 396 (1982); *Martin v. City of Broadview Heights,* 712 F.3d 951, No. 11-4039, slip op. at 6-7 (6th Cir. Apr. 9, 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 291 S. Ct. 808, 172 L. Ed. 2d 565 (2009)). The two-part analysis for assessing whether a government official is entitled to qualified immunity is: (1) whether the facts show that the officer's conduct violates a constitutional right; and, (2) whether that right was clearly established when the event occurred such that a reasonable officer would have known that his conduct violated it. *Martin*, No. 11-4039 at 7. These two steps can be addressed in any order, but "both must be answered in the affirmative for the case to go to a fact finder to decide if each officer's conduct in the particular circumstances violated a plaintiff's clearly established constitutional rights. If either one is not satisfied, qualified immunity will shield the officer from civil damages." *Id.*

Here, Plaintiff alleges that Defendants prosecuted him without probable cause. (Dkt. 8, Am. Compl. 15-16.) For probable cause to exist, "the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." *Klein*, 275 F.3d at 550.[1] Moreover, probable cause is assessed "from the perspective of a reasonable officer

---

[1] A simple criminal assault is "an attempt to commit battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Reeves*, 458 Mich. 236, 240; 580 N.W.2d 433 (1998). Battery is ". . . the consummation of the assault," *People v. Rivera*, 120 Mich. App. 50, 55; 327 N.W.2d 386 (1982), and is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the

10

on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal quotation marks omitted). Here, the 911 telephone call, the information in officer French's incident report (Dkt. 13, Defs.' Mot. Summ. J., Ex. 2), including Wilson's statement that Plaintiff had punched him, photographs and the officer's observation of Wilson's injuries, and Plaintiff's acknowledgment that he struck Wilson provided sufficient probable cause to prosecute Plaintiff for assault and battery. *See Ahlers v. Schebil,* 188 F.3d 365 (6th Cir. 1999) (court upheld a finding of probable cause on the basis of a complaining witness statement alone); *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 528 (6th Cir. 2009) (same). Because the Court concludes that Bosnic had probable cause to prosecute Plaintiff, it is not necessary to reach the second part of the qualified immunity analysis—whether the constitutional right was clearly established. *Martin,* No. 11-4039 at 7.

Plaintiff argues that Bosnic, a non-elected city attorney, is not entitled to qualified immunity; however, this argument has been rejected by both the United States Supreme Court and the Sixth Circuit. (Dkt. 15, Pl.'s Resp. Mot. Summ. J. at 13-16.) In *Cullinan v. Abramson*, 128 F.3d 301, 310 (6th Cir. 1997), the Sixth Circuit held that outside counsel for the City of Louisville was entitled to qualified immunity where they were "clearly acting as the city's agents." The United States Supreme Court ruled similarly in *Filarsky v. Delia*, 132 S. Ct. 1657, 182 L. Ed. 2d 662 (2012), concluding that a private attorney retained by a municipality is eligible for qualified immunity in a 42 U.S.C. § 1983 action. *Id.* at 1667-68. Likewise, here, Bosnic is a private attorney hired by Redford Township to provide prosecutorial services as the assistant township attorney. (Dkt. 15, Ex. N, Defs.' Ans. to Pl.'s First Set of Interrog. and Request for Prod. of Docs. at Pg. ID 150.).

---

person," *Reeves*, *supra* at 240 n.4. The absence of physical injury is irrelevant to an assault and battery charge. *People v. Terry*, 217 Mich. App. 660, 662; 553 N.W.2d 23 (1996).

For all of these reasons, the Court recommends that Plaintiff's malicious prosecution claim should be dismissed in its entirety.

### C. Sixth Amendment

Although not specifically stated as a separate Count, for the first time in his Amended Complaint Plaintiff alleges that Defendants violated his Sixth Amendment rights. (Dkt. 8, Am. Compl. ¶ 29.)

A pro se complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, the Amended Complaint does not allege what aspect of the Sixth Amendment was violated, or what facts support this newly added claim. Defendants (and the Court) are left to guess

whether Plaintiff was denied receiving a speedy trial following his previous arrests, or whether he was denied ineffective assistance of counsel. In either case, because the Court has already determined that Plaintiff was not arrested on January 29, 2012, and that Plaintiff's prior arrests occurred outside of the limitations period, the Court recommends that Plaintiff's Sixth Amendment claim be dismissed.

### D.     Commerce Clause

Plaintiff also alleges that Defendants' actions violated the Commerce Clause, U.S. Const. Art. 1, § 8, by "continually arresting the plaintiff at his place of business and in one case contacting his employer a[] National Company doing business in multipl[e] states and using police power to make unfounded in law accusations and cause plaintiff reputation to be un repair ably [sic] damaged." (Dkt. 8, Am. Compl. ¶ 29.) For the reasons previously discussed, this claim fails to meet the pleading standard required by Fed. R. Civ. P. 8(a). Additionally, the Commerce Clause does not contemplate an independent remedy for alleged discrimination. *See Int'l Org. v. Masters, Mates & Pilots v. Andrews*, 831 F.2d 843, 847 (9th Cir. 1987) (holding "[t]he Commerce Clause creates no individual rights."); *see also* 14A C.J.S. Civil Rights § 321 (2013) (citing *Washington v. U.S. Tennis Ass'n, Inc.*, 290 F. Supp. 2d 323 (E.D.N.Y. 2003) (holding that there is no private action for damages under the Commerce Clause)).

Finally, notwithstanding the threadbare allegations, the Court is able to glean that Plaintiff's Commerce Clause claim additionally fails because it relies on prior arrests that this Court has previously determined fall outside of the three-year limitations period. For all of these reasons, the Court cannot engage in a substantive review and recommends that Plaintiff's Commerce Clause claim be dismissed.

### E. Municipal Liability - Redford Township

Redford Township is the only municipality named in Plaintiff's Complaint. Officer Hand and Mr. Bosnic are the only two municipal employees named in the Complaint. Defendant Redford Township can only be held liable under § 1983 if Plaintiff can show that Officer Hand or Mr. Bosnic violated Plaintiff's constitutional rights. Because Plaintiff has not satisfied this requirement, his claims against Redford Township, Officer Hand and Mr. Bosnic in their official capacities must be dismissed. *See Cartwright v. City of Marine City*, 336 F.3d 487, 495 (6th Cir. 2003); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001); *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir. 2000).

### IV. CONCLUSION

In sum, Plaintiff and Wilson got into an altercation that involved physical contact. Plaintiff was charged in state district court with assault and battery. He was never arrested, never had to go to court, and the charges were ultimately dropped. On this record, Defendants are entitled to summary judgment on Plaintiff's claimed constitutional violations.

Accordingly, for the foregoing reasons, the Court RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED and that Plaintiff's Amended Complaint be DISMISSED.

### V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: June 6, 2013
                  s/Laurie J. Michelson
                  Laurie J. Michelson
                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 6, 2013.

                  s/Jane Johnson
                  Deputy Clerk